CASE 20.—AGREED CASE BETWEEN TOM BUTLER AND THE FISCAL COURT OF JEFFERSON COUNTY AND OTHERS AS TO THE PAYMENT OF THE EXPENSES OF A LOCAL OPTION ELECTION—June 14.

## Butler v. Fiscal Court, Jefferson County

Appeal from Jefferson Circuit Court.

C. P. BRANCH, 1 Div. EMMET FIELD, Judge.

From the judgment Butler appeals.—Reversed.

1. Intoxicating Liquors — Local Option Election — Costs. — Ky. Stats., 1903, Sec. 1540, provides that the cost of all elections held in any county shall be paid by the county treasurer, except as otherwise provided by law. Sec. 2555, regulating local option elections, provides that on an order by the county clerk for an election it shall be the duty of the sheriff to have the order published in a newspaper, and to advertise the same by printed or written handbills, and that, if the proprietor of the newspaper refuses to publish the notice, the bills shall be sufficient. Sec. 2559 provides that the court shall not make the order until the persons signing the petition have deposited with the county judge an amount sufficient to pay for printing or posting advertisements as provided for, and the fees of the clerk making entries in the order book. Held, that the petitioners should be required to deposit a sum sufficient to pay, not only for the printing of the bills, but for the publication.

2. Same.—Where the publisher of a newspaper publishes a notice, though the county judge has not required a deposit sufficient to cover the publication and other expenses, the cost of publication cannot be recovered from the county or the petitioners.

KOHN, BAIRD, SLOSS & KOHN and R. L. GREENE for appellant.

The appellant and his associates, who were petitioners for a

Butler v. Fiscal Court, Jefferson County.

local option election, deposited money therefor, but the sum deposited did not include the expense of publishing the order in a newspaper. The sole question is as to the liability of the petitioners therefor.

We contend they are not liable

1. Because the county court, not having required a deposit to cover these expenses, the defendants are not liable.

2. The statute will not bear a construction which requires the petitioners for an election to pay any part of publishing the order.

3. The Constitution requires the election to be held as a governmental function, at the cost of the public.

## AUTHORITIES CITED.

Ky. Stats., sec. 2554, 2555, 2559, 1540, 1596, 1437; Const., secs. 1, 147; Cyc., vol. 19, p. 23; U. S. v. Goldenburg, 168 U. S., 95; Sutherland Stat., Construction, 2d ed., secs. 366, 493; Bosley v. Mattingley, 14 B. M., 73; Robertson v. Robertson, 100 Ky., 700; Brace v. Shaw, 16 B. M., 81; Sneed v. Commonwealth, 6 Dana, 336; City of Owensboro v. Hickman, 90 Ky., 629.

R. W. BINGHAM and R. L. PAGE for appellees.

We contend:

1. The petitioners asked for the election; they got what they asked for, and their failure to deposit a sufficient sum to pay the costs of the election will not release them from liability.

2. The holding of a local option election is not for the benefit of the public, but is for the benefit of a few who want to suppress the sale of liquors in the locality.

3. The Constitution does not provide that the calling for an election shall be free and equal, but that the holding of an election shall be free and equal.

## CITATIONS.

Ky. Stats., sec. 2555; Const., sec. 61; Bosley v. Mattingley, 14 B. M., 73; Throckmorton v. Commonwealth, 18 Ky. Law Rep., 130.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The following agreed case was filed in the Jeffer-

son circuit court: "The plaintiffs, fiscal court of Jefferson county, and the defendant, Tom Butler, herewith submit this agreed case for the decision of the court without action, and state the question and the facts upon which it depends, and present herewith a submission thereof. They state that heretofore, to-wit, in the month of September, 1903, a local option election to take the sense of the legal voters of West Louisville precinct in Jefferson county, as to whether or not spirituous, vinous, or malt liquors should be sold therein, was duly and regularly called and held under and pursuant to the provisions of section 2554 et seq., Ky. St. 1903. They state that, under and pursuant to section 2555 of the Kentucky Statutes, the sheriff of Jefferson county published the order of the county court ordering said election in a daily paper published in Jefferson county, to-wit, the Louisville Times, for two weeks before the holding of the said election, and also advertised the same by printed handbills posted at five conspicuous places in said precinct for the same length of time. They state that the cost of publishing the said order in the said daily paper as aforesaid, for the said precinct and other precinct elections similarly held, amounted to more than $200. They state that the defendant herein represents himself and those similarly situated in the said precinct herein named and in other precincts at which similar elections were held at the same time, and that the defendant and those co-operating and acting with him in calling said election deposited with the county judge in money an amount sufficient to pay for printing and posting the advertisements aforesaid and the fees of the clerk making the entries in the order book, pursuant to section 2559, Ky. St. 1903, but that the defendant did not deposit a sufficient

amount to pay the charges of the said Louisville Times for publishing in the said daily paper the order aforesaid, and the controversy herein between the plaintiffs and the defendant is whether or not the cost of publishing the said order in the daily paper under section 2555 must be paid by the person signing the petition for the calling of the election. The plaintiffs contend that the said cost of publishing the said order in the newspaper must be paid by the persons who signed the petition calling for the election. The defendant, and those associated with him who signed the petition calling the election, contend that they are not required under section 2559 of the Kentucky Statutes of 1903, or under any other provision of the law, to bear the burden of the said costs. They state that the said Louisville Times has charged the cost of said publishing against the county of Jefferson, and has presented its bill therefor, but that the plaintiffs have refused to pay the same because advised that the said costs should be paid by those who signed the petition calling the election and because, in no event, the same should be charged against the plaintiffs. Wherefore the parties, plaintiffs and defendants, submit this controversy as a test to have determined the question herein submitted, and pray the judgment of the court thereon.'' The court entered the following judgment, from which the appeal before us is prosecuted: ''This action having been heard and submitted upon the agreed case filed, and the court, being sufficiently advised, delivered a written opinion on the wrapper of the case, which is made a part of the record herein, and in accordance therewith it is considered and adjudged that the cost of publishing in the Louisville Times, a newspaper, the order of the Jefferson county court in the agreed

case referred to ordering an election to be held in the precinct of West Louisville to take the sense of the people therein, as to whether or not spirituous, vinous, or malt liquors shall be sold therein, is a joint and several debt and obligation of the defendant Tom Butler and his associates who signed the petition calling said election, and must be paid by them, and that the said cost is not a debt or obligation of, or chargeable to, the fiscal court of Jefferson county; and it is further considered and adjudged that the defendant Tom Butler pay the costs of this action, for which the plaintiffs may have execution, to all of which the defendant Tom Butler excepts, and from this judgment he prays, and is granted, an appeal to the Court of Appeals."

Section 1540, Ky. St. 1903, provides: "The cost of all elections held in any county shall be allowed by the fiscal court of such county, and paid by the county treasurer, except as otherwise provided by law." The statute regulating local option elections contains, among others, the following provisions:

"Section 2555. It shall be the duty of the county clerk to give to the sheriff of the county, or such officer as may be appointed to hold said election, a certified copy of the order of the county court as it appears on the order-book, within five days after said order is made; and it shall be the duty of said sheriff or other officer, to have said order published in some weekly or daily paper published in the county for at least two weeks before the election, and also to advertise the same by printed or written handbills posted at some conspicuous place in each precinct in the county, for the same length of time, when the election is held for the entire county, and when the election is ordered to be held only in a city, district, or pre-

cinct of any county, then at five conspicuous places therein for the same length of time; and, in any case, if there is no weekly or daily newspaper published in the county, or the proprietor of such newspaper refuses to publish such notice, the printed or written handbills, posted as before provided, shall be sufficient notice. The sheriff, or other officer, shall have the advertisement and notices herein provided for posted as herein required within seven days after he receives the order of the county court. All elections provided for in this act shall be held by such officers as would be qualified to hold elections for county officers, and they shall be selected in the same way, and all elections provided for herein shall be held in accordance with the provisions of the general election laws of the State, except that they shall not be held on the same day with any regular political election, nor within thirty days next preceding or following any such regular political election.''

''Section 2559. The county court shall not make the order for said election until the persons signing the petition have deposited with the county judge, in money, an amount sufficient to pay for printing or posting advertisements as provided for, and the fees of the clerk making entries in the order-book.''

It will be observed that, by section 2555, it is the duty of the officer to have the order of the county court published in some weekly or daily paper for at least two weeks before the election, and also to advertise the same by printed or written handbills posted at five conspicuous places in the precinct for the same length of time. It will also be observed that by section 2559 the county court shall not make the order for the election until the persons signing the petition have deposited with the county judge in

money an amount sufficient to pay for printing and posting advertisements as provided for and the fees of the clerk for making the entries in the order-book. It is insisted for appellant that the deposit required by section 2559 does not include the cost of the publication in the newspaper, as provided by section 2555, for the reason that in section 2559 the only words used are, "Printing or posting advertisements as provided for," and that nothing is there said about a publication in a newspaper. This seems to us a narrow construction of the statute. The words "as provided for" evidently refer to the provisions of section 2555. The publishing of the notice in the newspaper is a printing of the advertisements "as provided for." The evident purpose of section 2559 is that the petitioners shall deposit with the county judge a sum sufficient to pay the cost of calling the election, including the giving of notice of the election. When this has been done, then section 1540 applies, and the cost of holding the election must be allowed by the fiscal court of the county and paid by the county treasurer.

It is also insisted for appellant that the holding of the election is in behalf of the public, and that the expense must be borne by the public under section 61 of the Constitution, which requires the General Assembly to provide by law a means whereby the sense of the people of any county, city, town, district, or precinct may be taken as to whether spirituous, vinous, or malt liquors shall be sold therein. But this section of the Constitution leaves to the Legislature a large measure of discretion. To illustrate: The Legislature may say what per cent. of the voters must sign the petition necessary to be presented in the county court. It may provide how often elections may be

held, and, to guard against a minority of the voters calling for an election for frivolous or improper reasons, it may properly provide that the petitioners shall pay the cost of the proceeding in the county court, including the giving of the notice of the election.

Lastly, it is insisted for appellant that, as the petitioners made the deposit required by section 2559, they are not liable for anything further, and that, if the deposit is exhausted, the county, under section 1540, must pay the deficiency. As we have said, the county must pay the expense of holding the election, but it was clearly contemplated by section 2559 that the county is not to pay for printing or posting the advertisements as provided for in section 2555 or the fees of the clerk for making the entries in the order-book. The rule is that a demand cannot be created against the public without authority of law. The fiscal court has no authority to allow any claim against the county except such as are authorized by law; and, as the statute by necessary implication does not make the charge for advertising the election a claim against the county, the fiscal court properly refused to allow the claim. It does not follow that the petitioners are liable for the amount. The clear meaning of section 2559 is that the county judge must not make the order calling the election until the necessary deposit is made with him. It follows from this that he must determine when the necessary deposit has been made and fix the amount to be deposited. When the petitioners have made the deposit as required by the county judge, they have done all that the law requires of them. If they are not willing to pay as large an amount as he fixes, they may abandon their proceeding; but, when he fixes an amount and they deposit

with him that sum, there is nothing in the statute imposing upon them any further liability. It will be observed that by section 2555, if the proprietor of the newspaper refuses to publish the notice, the printed or written handbills posted as provided by the section shall be sufficient notice. If the deposit required by the county judge is not sufficient to cover the publisher's price for publishing the notice and the other expenses, he may refuse to print the notice in his paper. It is voluntary with him whether he will print the notice or not; but, if he prints it, there is nothing in the statute gving him a right to look for anything else for his printing than the deposit made with the county judge. It is not uncommon in statutes of this kind for the Legislature to fix the cost of publishing the notice. That is intended to be reached here by the requiring of the deposit sufficient to cover the cost of the court orders and the printing and posting of notices. The legal fees of the officers may be easily ascertained, and the meaning of the statute is that the other cost is not to exceed the balance of the deposit. In other words, the statute instead of fixing a scale of prices, as that would vary in different communities, leaves the county judge to fix this cost, and require a deposit to cover it. When he has done this, no greater amount can be demanded by the publisher, and no further liability rests on the petitioners.

Judgment reversed, and cause remanded for a judgment as above indicated.